*35 The opinion of the court was delivered by
Mr. Justice Q’NeaIiIi.
The condition of the defendants bond is preceded by a recital stating the agreement between the plaintiff and defendants, whereby the latter had agreed, in a substantial and workmanlike manner, to build and completely finish the hull of a ship, &c.; and at their own charges, to do and finish all the several works in and about the said hull, and to launch her into the river Cooper, and to deliver her safe to the plaintiff, on or before a specified day: also, that the plaintiff hath paid to the defendants certain large sums of money on account of the said work, and is about to pay and advance to them, certain other large sums of money, and that they are desirous of fully indemnifying and saving him harmless from any damage or loss.
The condition of the bond then sets forth, “ that if the defendants shall well and faithfully comply with their agreement with the plaintiff, in relation to the said ship, and shall in a substantial and workmanlike manner, at their own charges, finish and complete all the work in and about the hull of the said ship, according to the directions of the said plaintiff and shall launch and deliver her as aforesaid, to the said plaintiff, his executors, administrators, or assigns, and shall indemnify and fully save harmless, the said plaintiff his heirs, executors, administrators, or assigns, from all and every damage or loss, charges or expenses, which he shall or may incur, or be put to, from or by reason of any monies, which he has paid, or which he shall hereafter pay, or cause to be paid, to the said defendants or either of them; and also from all and every damage or loss, which shall or may arise, or accrue to him the said plaintiff his heirs, executors, administrators, or assigns, from or by reason of the negligence, omissions, or misfeasan-ces of the said defendants, or either of them, in and about the building or finishing of the said hull, or in and about accounting for or paying, or making good, any sum or sums of money, to the said plaintiff which have been paid, or which shall hereafter be paid by him to the defendants, or either of them, or upon their account, or by their direction.” This full statement of the condition of the bondy and the report of the presiding judge, will enable us to consider and decide, understandingly, the motion for a new trial. For the purposes of the plaintiff, it is only necessary to look to two of the covenants contained in the condition : 1st. That the defendants at their own charges, undertook to build the hull of the ship. 2d. That they were to account to the plaintiff for all monies paid or to be paid by him, to or for the defendants. The motion for a new trial makes the question, is the plaintiff entitled to recover for the lumber furnished *36 by Mr. Bennett, under these covenants ? If he is, a new trial must be granted, for then the verdict rejecting the claim is contrary to law. Upon the first of these covenants, it seems to me to be clear, that the plaintiff is entitled to recover. The defe ldants were to build the said hull at their own charges. Have they done so ? If the plaiati/F has furnished a part of the materials, it is clear that they have not. How stands this part of the case? . It is not denied that Bennett furnished the lumber, and that he told QTNTeale that it was a gift to the plaintiff, and that the defendants so regarded it. If plaintiff had himseif furnished the lumber, the defendants must have accounted for it under this covenant of the bond, ior then they would not have built the hull at their own charges ; part of it would have been built at the charge of the plaintiff. The lumber given by Bennett, must be regarded as delivered by him for the plaintiff, and as received by the defendants with a knowledge of that fact.
This view has the sanction oí the judge below ; for he says, had the lumber been sawed for the plaintiff, had he delivered it, or had it been delivered on the order of the defendants, in pursuance of any understanding with him, it must have been considered an advanco, as much as if he had paid money for it. One of them was informed by Bennett, that it was a gift to Lucas, and he communicated it to his co-partner, by whom we are told in his testimony, when he speaks of the effect this information then produced on his mind, that he expected to have to pay Lucas for the lumber. From these facts, it seems to me, that on this covenant tho plaintiff might recover against the defendants. Upon the second covenant, by which the defendants were to account to the plaintiff for all sums of money paid, or to be paid to, or for the defendants, I am, also, with the plaintiff upon this part of the case. I differ in two points from my brother who tried the cause. In the first place,' he thought that to entitle the plaintiff to recover for the lumber under the bond, it was necessary, that the understanding and agreement, that it should be considered as an advance to the defendants, for which they were to account to the plaintiff, should have existed at the date, and that the bond was executed in reference to that, as well as other advances. The stipulation in this part of the condition of the bond, Contemplates future advances to be made, as well as it has regard to past. It speaks of moneys which the plaintiff has paid, or which he shall hereafter pay, or cause to be paid. If therefore, the lumber furnished, is to be regarded as money paid for-the defendants, the fact of the payment being made at a subsequent day to the date of the bond, or drat there was then no agreement that the lumber to be received *37 from Bennett, was to be received as the lumber of the plaintiff, cannot affect the question of the defendants liability. For if it is money ,or moneys worth paid to the defendants by or for the plaintiff, it is ele a- that they must account for it, under the very words of their contract. In this connection, it is now necessary to inquire, can the lumber be regarded as money paid by- the plaintiff to the defendants 1 I h*.ie already shewn that it might be regarded as the lumbor of the plaintiff received by the defendants to build the vessel.' But if this be not so, still, whea Bennett told the defendant, O’Neale, that this lumber was a present to the plaintiff, and was to be paid for out of the new ship, and the defendants assented to this arrangement, it was in effect putting the value of the lumber as so much of the plaintiff’s money in the hands of the defendants ; when they agreed it should be paid for out of the new ship, it was the admission of a payment pro tanto, on the account thereof, and hence came clearly within the covenant to account for money to be paid by the plaintiff to the defendants, or either of them. In another point of view, I differ with the judge below ; he thought if the defendants were originally liable to Bennett, they could not be to the plaintiff. But this is, I think, a mistake. It is true, the account for the lumber could not be trans. ferred by parol, or otherwise, as a gift, so as to constitute it a debt to the plaintiff. But when Bennett consented to discharge the ’defend, ants from the charge for the lumber, by striking it out of their account to him, and leaving them to account to the plaintiff for it, it was the same as paying to them that much money for the plaintiff; or it had the same effect, as if the plaintiff had paid that much money to Bennett for them by their direction ; and in either point of view, it was within the bond. But it is said that this is a bond to indemnify the plaintiff against damage or loss arising out of the building of the ship, and if she has been built and delivered, what loss has the plaintiff sustained 1 From the statement of the accounts filed, if this item of the lumber be allowed, the defendants have received from the plaintiff on account of the ship, $1430,65, more than her price. This is the very damage’ covenanted to be accounted for. For the ship was to be paid for by the ton, and her price was therefore uncertain at the date of the bond; and in making payments for her, the plaintiff had a right to secure the refunding of an over-payment, and this is as we think done by the bond to indemnify him, from all and every damage or loss, charges or expenses, which he shall or may incur, or be put to, from or by reason ofiany monies which he has paid, or which he shall hereafter pay, or cause to be paid, to the defendants.
.Another clause of the condition, is a direct stipulation covering *38 the objection made ; it covenants to indemnify the plaintiff for' any damage or loss, from or by reason of the negligence, omissions, or misfeasances of the defendants, in and about accounting for, or paying, or making good, any sum or sums of money to the plaintiff, which have been paid, or which shall hereafter be paid to the said defendants, or either of them, or upon their account, or by their direction. Tiic defendants have been unable to repay the amount overpaid to them by the plaintiff, on account of the ship, and hence he has sustained that much damage and loss, from and by reason of their omission and neglect to account for and pay the same.
The motion for a new trial is granted.
JOHN B. OTiEALL.
We concur,
HENRY W. DESAUSSURE,
J- S. RICHARDSON.
DAVID JOHNSON,
A. P. SUTLER.
J. JOHNSTON,